

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **HOBBY LOBBY STORES, INC.,** who may be served with process by serving its registered agent **C/O CORPORATION SERVICE COMPANY dba CSC - LAWYERS INCORPORATING SERVICE COMPANY** at **211 E. 7TH ST, SUITE 620, AUSTIN, TX 78701-3218** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448ᵗʰ Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 20th day of May, 2021 by Attorney at Law, MICHAEL ALVAREZ, 1742 ZARAGOZA STE A, EL PASO, TX 79936, in this case numbered **2021DCV1738** on the docket of said court, and styled:

**NORMA EVANS**
**V.**
**HOBBY LOBBY STORES, INC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 2nd day of June, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:  <u>NORMA FAVELA BARCELEAU</u>  District Clerk
El Paso County, Texas

By: _____, Deputy
Ricardo Trejo-Castro

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

EXHIBIT "B"

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original
Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____
_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____ County, Texas

Total _____ $ _____   by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

Cause No. _____

| | | |
|---|---|---|
| Norma Evans | § | In the District Court |
| | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | _____ Judicial District |
| | § | |
| Hobby Lobby Stores, Inc. | § | |
| | § | |
|     Defendant | § | El Paso County, Texas |

### Plaintiff's Original Petition and Jury Demand

Plaintiff Norma Evans ("Plaintiff") complains of Defendant Hobby Lobby Stores, Inc. (Defendant) and would respectfully show the Court that:

## I.
### Discovery Control Plan

1.1     Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

## II.
### Jurisdiction and Venue

2.1     The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in El Paso County, Texas.

## III.
### Statement Regarding Monetary Relief Sought

3.1     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but less than $1,000,000.00, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## IV.
## Parties

4.1     Plaintiff Norma Evans is an individual who resides in El Paso County, Texas.

4.2     Defendant Hobby Lobby Stores, Inc. is a company doing business in the State of Texas for the purpose of monetary profit and may be served with citation through its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## V.
## Causes of Action

5.1     The events giving rise to this cause of action occurred on or about November 15, 2019. Plaintiff was an invitee at Defendant's retail store located at 1861 Joe Battle, El Paso, Texas 79936 ("the subject store"). This was the store at which Plaintiff was shopping at the time of the incident. While inside the subject store, Plaintiff slipped on beads located on the floor. The floor was not clear of debris and/or hazards, nor did Defendants adequately maintain the floor or place warning signs on the floor. Plaintiff's feet slipped out from under her and she was unable to maintain her balance, and suffered serious bodily injuries.

5.2     Defendant is liable to Plaintiff under the theory of premises liability and negligence, including, but not limited to, the following:

a.      Negligently allowing the premises to become dangerous;

b.      Negligently permitting the dangerous conditions to exist;

2

    c.      Failing to keep the subject store floor in a reasonably safe condition by keeping the floor free of slippery conditions, substances, liquids, and/or debris;

    d.      Failing to inspect the premises to discover the existence of slippery conditions, substances, liquids, and/or debris;

    e.      Failing to correct the condition by taking reasonable measures to safeguard customers who enter the premises;

    f.      Failing to give adequate warning of the existence of the dangerous condition, despite the fact that the Defendant, its agents, servants, and/or its employees knew, or in the exercise of ordinary care, should have known of the existence of the dangerous conditions and their potential for injury; and

    g.      Other acts and omissions constituting negligence.

5.3    Plaintiff will show that, based on the above-described facts, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

5.4    Plaintiff will show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises with control over the premises, owed Plaintiff a duty to warn and make safe the defective condition existing on Defendant's premises. Furthermore, Plaintiff was an invitee at the time of injury. Defendant owed a duty to exercise ordinary care to keep the premises in a reasonable safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

5.5     As a result, Defendant's negligent acts and/or omissions, whether taken singularly, or in any combination, were a proximate cause of Plaintiff's injuries and damages.

## VI.
## Damages

6.1     By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a.   Past and future medical expenses;

b.   Past and future pain, suffering and mental anguish;

c.   Past and future physical impairment;

d.   Past and future physical disfigurement;

e.   Past lost wages and future loss of earning capacity; and

f.   All other damages allowed by law and equity.

6.2     For the above reasons, Plaintiff is entitled to recover damages from the Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court as well as pre and post-judgment interest.

## VII.
## Jury Demand

7.1     Plaintiff hereby demands a trial by jury and pays the appropriate jury fee.

## VIII.
## Required Disclosures

8.1     Pursuant to Texas Rules of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

4

## IX.
## Rule 193.7 Notice

9.1    Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## X.
## Designated E-Service E-Mail Address

10.1    The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): eservice@thehuynhlawfirm.com. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.

## XI.
## Prayer

11.1    Plaintiff prays that this cause be set for trial before a jury, that she recover judgment of and from Defendant for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of court, and such other and further relief to which Plaintiff is justly entitled.

[SIGNATURE BLOCK FOLLOWS ON THE NEXT PAGE]

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

*/s/ Michael Alvarez*
MICHAEL ALVAREZ
SBN: 24068754
malvarez@thehuynhlawfirm.com
PAVEL "PAUL" SAVINOV
SBN: 24086698
psavinov@thehuynhlawfirm.com
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@thehuynhlawfirm.com
1742 Zaragoza, Suite A
El Paso, Texas 79936
Tel.: (915) 223-4878
Fax: (915) 218-5332
E-Service E-mail: eservice@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
448TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| NORMA EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2021DCV1738 |
| | § | |
| HOBBY LOBBY STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT HOBBY LOBBY STORES, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HOBBY LOBBY STORES, INC. files its Answer to Plaintiff's Original Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all material allegations contained in Plaintiff's Original Petition and demand strict proof thereof as required by law.

### II.

### DEFENSES

A.     The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.     To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Petition, which Defendant denies, those injuries and damages were proximately caused by the acts or omissions of persons and/or entities over whom Defendant has no control and for whom Defendant has no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.      Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.      Defendant would show that the occurrence in question may have been caused by the negligence of a third party over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

F.      Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

G.      The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

H.      Defendant pleads Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

I.      Defendant pleads the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

J.      Plaintiff's recovery for lost earnings, lost earning capacity, or other pecuniary loss, if any, must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law pursuant to Tex. Civ. Prac. & Rem. Code Section 18.091(a).

## III.

## AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendant asserts the following affirmative defenses:

A.      Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces it proportionately.

B.      To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendant is not responsible for any damages that could have been avoided.

## IV.

## JURY DEMAND

Defendant requests trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, HOBBY LOBBY STORES, INC., prays that upon final hearing that it be discharged and allowed to go hence without day and with its costs and that the Court grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:  ___/s/ Laura Enriquez_____
     Laura Enriquez
     State Bar No. 00795790
     Attorneys for Defendant
     HOBBY LOBBY STORES, INC.

**CERTIFICATE OF SERVICE**

       In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 2nd day of July 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

       Michael Alvarez
       Pavel "Paul" Savinov
       Sarah Y-Nhi Huynh
       The Huynh Law Firm, PLLC
       1742 Zaragosa, Suite A
       El Paso, Texas 79936
       (915) 223-4878
       (915) 218-5332
       eserve@thehuynhlawfirm.com
       malvarez@thehuynhlawfirm.com
       psavinov@thehuynhlawfirm.com
       shuynh@thehuynhlawfirm.com

                                       _/s/ Laura Enriquez_____
                                    Laura Enriquez

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
448TH JUDICIAL DISTRICT COURT

NORMA EVANS,                              §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §        Cause No. 2021DCV1738
                                         §
HOBBY LOBBY STORES, INC.,                §
                                         §
        Defendant.                       §

**DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE**

COMES Defendant HOBBY LOBBY STORES, INC., having filed with the clerk of the

court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a),

herewith deposit with the clerk the jury fee of FORTY DOLLARS ($40.00).  The clerk, pursuant

to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of

such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: __/s/ Laura Enriquez_____
        Laura Enriquez
        State Bar No. 00795790
        Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 2nd day of July 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Michael Alvarez
Pavel "Paul" Savinov
Sarah Y-Nhi Huynh
The Huynh Law Firm, PLLC
1742 Zaragosa, Suite A
El Paso, Texas 79936
(915) 223-4878
(915) 218-5332
eserve@thehuynhlawfirm.com
malvarez@thehuynhlawfirm.com
psavinov@thehuynhlawfirm.com
shuynh@thehuynhlawfirm.com

_____*/s/ Laura Enriquez*_____
Laura Enriquez

CAUSE NO. 2021DCV1738

| | | |
|---|---|---|
| NORMA EVANS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| HOBBY LOBBY STORES, INC. | § | |
| | § | |
| *Defendant.* | § | 458TH JUDICIAL DISTRICT |

## <u>CERTIFICATE OF WRITTEN DISCOVERY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Local Rules, certification is hereby made that the following documents

have been served:

1.    Plaintiff's Initial Disclosures.

The above-mentioned documents were served upon the following individuals and/or

parties in accordance with the Texas Rules of Civil Procedure:

Laura Enriquez
Mounce, Green, Myers, Safi, Paxson, & Galatzan
P.O. Drawer 1977
El Paso, Texas 79999

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

*/s/ Michael Alvarez*

_____
MICHAEL ALVAREZ
SBN : 24068754
SARAH Y-NHI HUYNH
SBN : 24092558
PAVEL "PAUL" SAVINOV
SBN: 24086698
6100 Corporate Dr. Ste. 110
Houston, TX 77036
Tel.: (281) 702-8128
Fax: (281) 712-7170
E-mail: eservice@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV1738

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
448TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| NORMA EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2021DCV1738 |
| | § | |
| HOBBY LOBBY STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## **CERTIFICATE OF SERVICE**

I hereby certify on the 12th day of August 2021, Defendant served upon counsel for Plaintiff, Michael Alvarez, Pavel "Paul" Savinov, Sarah Y-Nhi Huynh, The Huynh Law Firm, PLLC, 1742, Zaragosa, Suite A, El Paso, Texas 79936via ECF/electronic service only\email the following written discovery:

1. Defendant's First Set of Interrogatories to Plaintiff;
2. Defendant's First Request for Admissions to Plaintiff;

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999
Phone:  (915) 532-2000
Telefax: (915) 541-1597

By:   _/s/ Laura Enriquez_
        Laura Enriquez
        State Bar No. 00795790
        Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (a)(2), I certify on this the 12th day of August 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Michael Alvarez
Pavel "Paul" Savinov
Sarah Y-Nhi Huynh
The Huynh Law Firm, PLLC
1742 Zaragosa, Suite A
El Paso, Texas 79936
(915) 223-4878
(915) 218-5332
eserve@thehuynhlawfirm.com
malvarez@thehuynhlawfirm.com
psavinov@thehuynhlawfirm.com
shuynh@thehuynhlawfirm.com


_/s/ Laura Enriquez_____
Laura Enriquez

Cause No. 2021DCV1738

| | | |
|---|---|---|
| Norma Evans | § | In the District Court |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 448th Judicial District |
| | § | |
| Hobby Lobby Stores, Inc. | § | |
| | § | |
| Defendant | § | El Paso County, Texas |

## <u>CERTIFICATE OF WRITTEN DISCOVERY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Local Rules, certification is hereby made that the following documents

have been served:

1.     Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions to Defendant Hobby Lobby Stores, Inc..

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

***/s/ Michael Alvarez***
MICHAEL ALVAREZ
SBN: 24068754
malvarez@thehuynhlawfirm.com
PAVEL "PAUL" SAVINOV
SBN: 24086698
psavinov@thehuynhlawfirm.com
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@thehuynhlawfirm.com
1742 Zaragoza, Suite A
El Paso, Texas 79936
Tel.: (915) 223-4878
Fax: (915) 218-5332
E-Service E-mail: eservice@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The above-mentioned documents, as well as the present document, were served upon all parties or counsel of record in accordance with the Texas Rules of Civil Procedure on September 23, 2021:

**Via email or electronic filing manager:**
Laura Enriquez
enriquez@mgmsg.com
Mounce, Green, Myers, Safi, Paxson & Galatzan
P.O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Fax: (915) 541-1597

*/s/ **Michael Alvarez***
Michael Alvarez

CAUSE NO. 2021DCV1738

| | | |
|---|---|---|
| NORMA EVANS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| HOBBY LOBBY STORES, INC. | § | |
| | § | |
| *Defendant.* | § | 458TH JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

The undersigned counsel hereby certifies that true and correct copies of the following documents were served upon all counsel of record on the 24th day of September 2021:

1. Plaintiff's Objections and Answers to Defendant's First Set of Interrogatories; and

2. Plaintiff's Responses to Defendant's Request for Admission.

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**
*/s/ Michael Alvarez*
_____
MICHAEL ALVAREZ
SBN: 24068754
malvarez@thehuynhlawfirm.com
PAVEL "PAUL" SAVINOV
SBN: 24086698
psavinov@thehuynhlawfirm.com
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@thehuynhlawfirm.com
1742 Zaragoza, Suite A
El Paso, Texas 79936
Tel.: (915) 223-4878
Fax: (915) 218-5332
E-Service: eservice@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**<u>Certificate of Service</u>**

I hereby certify that on September 24, 2021, a true and correct copy of the foregoing

document has been forwarded to all known counsel of record in accordance with the Texas

Rules of Civil Procedure.

**<u>*Via E-Service:*</u>**
Laura Enriquez
Email: enriquez@mgmsg.com
State Bar No.: 00795790
MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79950-1977
Phone: (915) 532-2000
Fax: (915) 541-1597

<u>*/s/ Paul Savinov*</u>
Paul Savinov